Steven Webb, CSB188284
Patent Bar 43,246
825 College Blvd., #102620
Oceanside, CA 92057
Telephone: (760) 295-9930
Facsimile: (760) 295-9952
Email:swwebblaw@cox.net

Kenneth Lynch, CSB182024
6994 El Camino Real, #204
Carlsbad, CA 92009
Telephone: (760) 931-0030
Facsimile: (760) 931-0050
Email:lynchlaw@roadrunner.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Eagle Industrial Group, Inc.<br><br>Plaintiff,<br><br>v.<br><br>NewAge Products, Inc., a Canadian Corporation, and Does 1-50 inclusive.<br><br>Defendants. | CASE NO: '14CV0248 BEN NLS<br><br>**COMPLAINT FOR DAMAGES**<br>PATENT INFRINGEMENT;<br>TRADE DRESS INFRINGEMENT;<br>FALSE DESIGNATION OF ORIGIN;<br>STATE LAW UNFAIR COMPETITION;<br>STATE CONSUMER PROTECTION VIOL.;<br>COPYRIGHT INFRINGEMENT<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Eagle Industrial Group ("Eagle") hereby makes claims against Defendants, NewAge Products Inc. (hereafter "NewAge") and Does 1-50 for the causes of action alleged below.

**<u>THE PARTIES</u>**

1. Plaintiff, Eagle is a corporation dully organized and existing under the laws of the State of California, with its principal place of business located in Orange County, California. Eagle owns U.S. Patent No. No. D553,401 for this overhead garage storage invention.

2. Eagle alleges on information and belief, that Defendant, NewAge Products Inc. at all times mentioned in this complaint was/is a corporation of Toronto, Ontario, Canada and with its principal place of business at 201 Chrislea Road, Vaughan, L4L 8N6, Ontario, CANADA.

3. Plaintiff is unaware of the true names and capacities of the Defendants sued as Does 1 through 50, whether individual, corporate, associate or otherwise, and sues those defendants by fictitious names. Eagle is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged, and is responsible for the damages suffered by Eagle. Eagle will amend this complaint to assert the true names and capacities of the fictitiously named Defendants when Eagle learns of the same.

4. Eagle is informed and believes, and on that basis alleges, that at all relevant times mentioned in this Complaint for Damages, that Defendants and Does 1 through 50, and each of them, are/were the co-owner, agents, employees and representatives of each of their co-defendants in doing the things alleged in this Complaint for Damages. In doing so, they were acting within the course and scope of their respective authority as agents, employees and representatives. The term "Defendants", as used herein, shall include Does 1 through 50.

## JURISDICTION AND VENUE

5. This is a civil action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. §271, which gives rise to the remedies specified under 35 U.S.C. §§281 and 283-85.

6. Misappropriation of trade dress falls under Section 43 of the Lanham Action, 15 U.S.C. §1125, which gives rise to the remedies specified under Sections 34-36 of the Lanham Act, 15 U.S.C. §§1116-18 for trade dress infringement.

7. This court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C.§1331, 28 U.S.C. §1338(a) and 15 U.S.C. §1121. This Court has related claim jurisdiction over state law claims pursuant to 28 U.S.C. §1338(b) and 28

U.S.C. §1367.

8. This is also an action in which the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between a citizen of the State of California and, upon information and belief, a citizen or corporation of the Country of Canada. Accordingly, this Court also has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a)(1).

9. Eagle alleges on information and belief that Defendants have sold or contracted for the sale of infringing goods within the State of California, to Eagle's injury, which relates to the claims asserted by Eagle, and out of which Eagle's claims, in part, arise.

10. This Court's exercise of personal jurisdiction over Defendants is consistent with the Constitutions of the United States and the State of California. Moreover, this Court has personal jurisdiction over Defendants at least pursuant to California, inasmuch as Defendants have conducted business within the State of California and have committed acts of patent infringement, trade dress infringement, and unfair competition, as alleged herein, within the State of California.

11. All of the events of this action are relevant and material to Federal Trademark Law, especially 15 U.S.C. §1051-1127 et seq. thus making this Court the appropriate jurisdictional forum for prosecution of this action involving a Federal Question. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1332 and 1338.

12. Other causes of action in this lawsuit are based on California Law and the common law, all of which are subject to U.S. District Court Jurisdiction since they "arise under" Federal Law *Franchise Tax Board v. Construction Laborers Vacation Trust* (1983) 463 US 1, 9, 103 S. Ct. 2841,2846; *Berg v. Leason* (1994) 32 F3d 422, 423].

13. Venue is proper in this judicial district [Southern District of California] according to 28 U.S.C. §1391(c)(3) since the principal Defendant is a Canadian corporation residing in Ontario, CANADA and "any judicial district" is proper.

## FACTUAL BACKGROUND

14. Plaintiff "Eagle" is an innovator in the field of overhead garage storage racks and markets, sells a variety of consumer products throughout the United States.

15. "Eagle" came to its position of technological leadership through hard work and substantial investment in research and development. As a result of its endeavors, many of the technological innovations created and owned by "Eagle" are protected by a valuable and diverse intellectual property portfolio that includes patents, trademarks, trade dress and copyrights.

16. Many of Plaintiff Eagle's technological innovations are protected, *inter alia*, by a portfolio of utility and design patents, including United States Patent No. D553,401. A true of correct copy of the '401 Patent is attached hereto as **Exhibit 1**.

17. Eagle is the owner of the '401 Patent.

18. Plaintiff Eagle has not licensed the '401 Patent to any other entity.

19. Plaintiff alleges upon information and belief that NewAge imports, makes, uses, sells, and offers for sale within the United States and within the State of California, either directly or through established distribution channels products that infringe the '401 patent.

20. Thus, the defendants have and are infringing the '401 Patent.

21. Plaintiff Eagle's product designs are protected under the Eagle design patent '401 and the trade dress laws of the United States. Specifically, these products share a distinctive design, as depicted in the images attached hereto as **Exhibit 2** [infringing NewAge item showing trade dress owned by Eagle] which are incorporated herein by reference. Further, with full knowledge of Plaintiff's rights herein, Defendants have infringed and continues to infringe Plaintiff Eagle's copyrights by copying them verbatim on Defendants' manuals and advertising materials as displayed in **Exhibit 3** [NewAge Product Manual on the left; Eagle Product Manual on the right].

22. Eagle has invested heavily in efforts to develop efforts for recognition and goodwill among both Eagle's immediate consumers and the consuming public generally for

Eagle's products, including for the SafeRacks product.

23. On information and belief, as a result of *inter alia*, Eagle's substantial investment in research and development and promotion of its products, the consuming public recognizes the combination of structural and ornamental features of Eagle's SafeRacks as distinctive trade dress, which design features note a common source. Thus, at minimum, the Eagle's SafeRacks Trade Dress has acquired secondary meaning.

24. Plaintiff Eagle has not licensed any rights in the Eagle's SafeRacks Trade Dress, and Defendants do not have any right or authority to use, market, display, or sell products that incorporate Eagle's SafeRacks Trade Dress.

25. The design of the NewAge infringing product employs the same visual appearance (look and feel) and ornamental features of Eagle's SafeRacks Trade Dress depicted in Exhibit 2 and thereby infringes Plaintiff Eagle's trade dress rights.

26. Defendants' trade dress infringement constitutes a violation of Eagle's trade dress rights, aimed at preventing Eagle from continuing to build a business around its distinctive product design and at preventing Eagle from sustaining the goodwill generated by Eagle's trade dress.

## FIRST CAUSE OF ACTION

### Patent Infringement

27. Plaintiff Eagle hereby alleges, and incorporates by reference the allegations of paragraphs 1 through 26 of the Complaint as set forth above. This Cause of action is plead against all Defendants.

28. Eagle alleges on information and belief that Defendants have infringed the '401 design patent by making, using, selling, offering for sale within the United States or importing into the United States systems and products that embody the look and feel of the '401 Patent by contributing to infringement, inducing others to infringe the '401 Patent, or carrying out acts constituting infringement under 35 U.S.C. §271.

29. The conduct of Defendants as set forth herein gives rise to a cause of action for

infringement of the '401 Patents, pursuant to at least 35 U.S.C. §271 and §281.

30. To the extent that Defendant NewAge has sold infringing products, including an overhead garage storage unit subsequent to receiving notice of the initiation of this action, despite an objectively high likelihood that its actions constitute infringement, indicate that the Defendant's acts have been both willful and deliberate.

31. By reason of the foregoing, Plaintiff Eagle is entitled to monetary relief against Defendant NewAge, pursuant to 35 U.S.C. §§284-85, as more fully set forth herein below.

## SECOND CAUSE OF ACTION

### Trade Dress Infringement

32. Plaintiff Eagle hereby alleges, and incorporates by reference the allegations of paragraphs 1 through 31 of the Complaint as set forth above. This Cause of action is plead against all Defendants.

33. "Trade Dress" refers to the total image of a product including such non-functional features as size, shape, color, texture. Defendant NewAge makes use of the Eagle's Trade Dress in its products, including but not limited to the overhead garage storage unit. This is deceptive and is likely to cause mistake and confusion regarding whether the NewAge materials are affiliated, connected, or associated with Eagle and/or whether Defendants' goods and services originate from Eagle, or are sponsored or approved by NewAge. In particular, NewAge has used material copied from the Eagle Industrial web site, specifically an installation manual, and included it in NewAge's printed installation manual supplied with all NewAge rack products. An Example of this is attached as **Exhibit 3**.

34. By reason of at least the foregoing, Defendants use of the Eagle's SafeRack Trade Dress and in its products gives rise to a cause of action pursuant to Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

35. Upon information and belief, NewAge has infringed the Eagle's Trade Dress and other intellectual property rights with the intent to cause confusion and mistake and

to deceive with respect to the origin, sponsorship, and approval of its goods and services by Plaintiff, and with respect to whether Defendants are affiliated, connected, or associated with Plaintiff Eagle. The distinctive ornamental design of Eagle's overhead shelf trade dress, as exhibited in the '401 Design Patent cited above, includes the use round wire frames for support, the distinctive C-channel design and the use of tear-drop shaped alternate rows of bolt holes on support structures, as well as other features. The innovative combination of easy-to-assemble parts in a standardized four-by-eight foot shape is unique to the 2005 SafeRacks design. The length of use of the distinctive '401 patent in the market amounts to over nine years and said product design has been highly successful, in that customers regularly seek out this product design on web sites and in-store, recognizing by its distinctive design in the high quality of the product. Eagle has expended large amounts of money advertising this design and making it a universal symbol of Eagle Industrial.

36. By reason of Defendants' infringement of the Eagle's Trade Dress and other acts of unfair competition, Eagle has suffered damages and irreparable harm.

37. By reason of the foregoing, Eagle is entitled to monetary damages relief pursuant to sections 34-36 of the Lanham Act, 15 U.S.C. §§1116-1118, as more fully set forth herein.

**<u>THIRD CAUSE OF ACTION</u>**

False Designation of Origin

Under the Lanham Act 15 U.S.C.§1125(a)

38. Plaintiff Eagle hereby alleges, and incorporates by reference the allegations of paragraphs 1 through 37 of the Complaint as set forth above. This Cause of action is plead against all Defendants.

39. Defendants' use in commerce of Eagle's trade dress for garage products is a false designation of origin and is likely to cause confusion, or to cause mistake, or to deceive consumers as to the origin of Defendants' products or parts thereof, or the

affiliation, connection, or association of Defendants with Eagle, or the sponsorship, endorsement, or approval by Eagle of the products manufactured and sold by Defendants and its other commercial activities, within the meaning of 15 U.S.C. §1125(a).

40. Defendants' unauthorized use of the trade dress in connection with its manufacturing, sales, and distribution of garage products jeopardizes the entire goodwill symbolized by the SafeRack trade dress, causing immediate, serious, and irreparable injury to Eagle, for which Eagle does not have an adequate remedy at law.

## FOURTH CAUSE OF ACTION

### Unfair Competition - California Common Law

41. Plaintiff Eagle hereby alleges, and incorporates by reference the allegations of paragraphs 1 through 40 of the Complaint as set forth above. This Cause of action is plead against all Defendants.

42. Defendants by their actions set forth hereinabove, have engaged in intentional business acts or practices that are unlawful, unfair, and/or fraudulent and that have caused a material diminution in the value of the patents, trade dress, and other intellectual property held by Plaintiff, including, but not limited to the '401 Patent, the SafeRack Trade Dress. These acts or practices also constitute infringement of such patent and trade dress held by Eagle, and has thereby engaged in unfair competition, pursuant to *inter alia,* California Common Law.

43. Defendants' conduct as set forth hereinabove gives rise to a cause of action for unfair competition and related wrongs under the statutory and common law of the State of California.

44. On information and belief, Defendants have engaged in unfair competition in willful and deliberate disregard of the rights of Eagle and the consuming public.

45. By reason of Defendants unfair competition, Plaintiff Eagle has suffered damages and irreparable harm.

46. By reason of the foregoing, Eagle is entitled to actual and punitive damages from Defendants, along with its attorneys' fees and costs pursuant as more fully set forth hereinbelow.

**FIFTH CAUSE OF ACTION**

**Violations of California Business and Professions Code §§17500 et seq.**

47. Plaintiff Eagle hereby alleges, and incorporates by reference the allegations of paragraphs 1 through 46 of the Complaint as set forth above. This Cause of action is plead against all Defendants.

48. Defendants by their actions as set forth hereinabove, has caused, causes, and will continue to cause a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of its products, including but not limited to the SafeRacks and has caused, causes and will continue to cause a likelihood of confusion or misunderstanding as to the affiliation, connection, association with, or certification by another of its products, including but not limited to, the SafeRacks product. Defendants represented, represent, and will continue to represent that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they do not have, including its products, including but not limited to the SafeRacks, and has thereby engaged in deceptive trade practices, pursuant to *inter alia,* California Business and Professions Code §§17500 et seq.

49. Defendants' conduct as set forth hereinabove also give rise to a cause of action for deceptive trade practices and related wrongs under the statutory and common law of the State of California.

50. On information and belief, Defendants have engaged in deceptive trade practices against Eagle in willful and deliberate disregard of the right of Eagle and the consuming public.

51. By reason of Defendants acts of deceptive trade practices, Eagle has suffered damages and irreparable harm.

52. By reason of the foregoing, Eagle is entitled to monetary relief against Defendants,

along with its attorneys' fees and costs, pursuant to at least California Business and Professions §§17500 et seq.

## SIXTH CAUSE OF ACTION

### Copyright Infringement

53. Plaintiff Eagle hereby alleges, and incorporates by reference the allegations of paragraphs 1 through 52 of the Complaint as set forth above. This Cause of action is plead against all defendants.

54. All times relevant hereto, Eagle has been and still is the owner and proprietor of all right, title and interest to the copyright works for SafeRacks .

55. "SafeRacks" is a product that contains visual material wholly original with Plaintiff Eagle and are protected under the common law of the United States.

56. With full knowledge of Plaintiff's rights herein, Defendants have infringed and continues to infringe Plaintiff Eagle's copyrights by copying them verbatim on Defendants' advertising materials as displayed in Exhibit 3.

57. Such copying was done by Defendants without the consent, approval or license of Plaintiff Eagle.

58. Defendants' acts as aforesaid violate Plaintiff Eagle's exclusive rights under common law and constitute infringement of Eagle's copyrights.

59. Defendants' past and continuing copying, distribution and sale of NewAge offending products, constitutes willful and deliberate infringement of Plaintiff Eagle's copyrights and is causing irreparable harm and damage to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Eagle prays for judgment against Defendants, jointly severally, as follows:

A. A judgment finding Defendants liable for infringement of the 401 Patent;

B. An award of damages to Eagle, in an amount to be proven at trial, pursuant to at lease 35 U.S.C. §284;

C. An order of this Court temporarily, preliminarily, and permanently, enjoining Defendants, its agents, servants, and any and all parties acting in concert with any of them, from directly or indirectly infringing in any manner of the Eagle's SafeRack Trade Dress or engaging in unfair competition or deceptive trade practices, pursuant to at least Section 34(a) of the Lanham Act, 15 U.S.C. 1116(a).

D. An order of this Court temporarily, preliminarily, and permanently, enjoining Defendants, its agents, servants, and any and all parties acting in concert with any of them, from directly or indirectly infringing in any manner of the Eagle's SafeRack Trade Dress or engaging in unfair competition or deceptive trade practices, pursuant to at least Section 34(a) of the Lanham Act, 15 U.S.C. §1116(a).

E. An order of this Court directing Defendants to destroy its entire stock of infringing products, together with all labels, signs, prints, packages, wrappers, receptacles, and advertisements, as well as all plates, molds, matrices, or other means of making the same pursuant to at least Section 36 of the Lanham Act, 15 U.S.C. §1118;

F. An award of Defendants' profits, in an amount to be proven at trial, pursuant to at least Section 35(a) of the Lanham Act, 15 U.S.C. §1117(a);

G. An award of treble Eagle's damages, pursuant to at least Section 35(a) of the Lanham Act, 15 U.S.C. §1117(a), and 35 U.S.C. §284;

H. An award of three times Defendants' profits or Eagle's damages, whichever is greater, pursuant to at least Section 35(b) of the Lanham Act, 15 U.S.C. §1117(b);

I. An award of Eagle's damages and Defendants' profits, in an amount to be proven at trial, pursuant to applicable State statutory and common law, including at least Eagle's actual damages;

J. An award of actual damages pursuant to 35 U.S.C. §284;

K. An award of Eagle's costs in bringing this action, pursuant to at least Section 35(a) of Lanham Act, 15 U.S.C. §1117,(a), and 35 U.S.C. §284; and applicable state statutory and common law;

L. An award of Eagle's attorneys' fees, pursuant to Section 35(b) of the Lanham Act, 15

U.S.C. §1117(b) and applicable state statutory and common law;

M. A declaration that this is an exceptional case, and that Eagle be awarded its attorneys' fees and expenses, pursuant to at least 35 U.S.C.285;

N. An imposition of constructive trust on, and an order requiring a full accounting of, the sales made by Defendants as a result of its wrongful or infringing acts alleges herein;

O. Prejudgment interest, pursuant to at least Section 35(b) of the Lanham Act, 15 U.S.C. §1117(b), and 35 U.S.C. §284;

P. Post-judgment interest, pursuant to at least 28 U.S.C. §1961 (a); and

Q. For such other and further relief as the Court deems just and equitable.

///

**DEMAND FOR JURY TRIAL**

Plaintiff, Eagle, hereby demands trial by jury on all claims and issues so triable.

Date: 2/3/2014

Steven Webb, Kenneth Lynch,
Attorneys for the Plaintiff